GOTTFRIED KLEINMANN, Respondent, v. HENRY BOERNSTEIN, *et al.*, Appellants.

*Notice of Protest.*—A notice of protest, to bind the endorser of a note, must be left at his usual place of business, and not merely in the building in which he does business.

*Witness.*—A maker of a promissory note against whom judgment by default has been taken, is a competent witness for an endorser made co-defendant in the same suit.

*Appeal from St. Louis Circuit Court.*

*A. M. & S. H. Gardner*, for appellants.

I. Helgenberg was a proper witness. As he had withdrawn

his answer, and default had been entered, his testimony could not benefit himself.

The defence of Boernstein was peculiar to himself, of which Helgenberg could take no advantage. (Page et al. v. Butler et al., 15 Mo. 547; 1 Green. Ev., § 355; Steel v. Boyd, 6 Leigh, 547; 4 Sanf. 616; 3 Smith, 7 N. Y., 507; Acts 1856-7, p. 181.)

II. No proper notice of demand and refusal of payment was delivered to or served upon the endorser. (Sto. on Bills, 300.)

*H. N. Hart,* for respondent.

I. Helgenberg was not a competent witness for his co-defendant. *a.* Because the matters offered to be proved occurred anterior to the transfer of the note by Helgenberg to the plaintiff. *b.* Because the matter of defence went to the whole suit. (R. C. 1855, p. 1577, § 3 & 6; Acts 1857, p. 181; Benoist v. Donnelly, 26 Mo. 589; Garnier v. Le Beau, 30 Mo. 229; Schaefer v. Kahlman, 30 Mo. 233.)

II. The notice of protest was left at the usual place of business of defendant. (Sto. Prom. Notes, § 312; Sto. on Bills, 297.)

III. The plaintiff was not bound to prove that he gave value for the note; the law presumes that from his possession of it. (Clark v. Schneider, 17 Mo. 295.)

BATES, Judge, delivered the opinion of the court.

This is a suit brought against Helgenberg, the maker, and Boernstein and Reichard, endorsers, of a negotiable promissory note. The suit was afterward dismissed as to Reichard. Helgenberg answered, and afterward withdrew his answer, and the petition was taken against him as confessed. Boernstein answered that his endorsement was obtained by Reichard by false and fraudulent representations, of which the plaintiff had knowledge, etc.; and also denies that he had due notice of the protest of the note.

At the trial of the issues between the plaintiff and Boern-

stein, the notary who made the protest testified that he. " demanded payment of the note in question, of the maker, on the day it became due. Payment was refused, and on the. same day he gave notice of its non-payment to Boernstein by delivering the notice to him personally, or by leaving it on a desk in his office in his absence. I know the building in which Boernstein keeps his office. The office in which the notice was left is in the second story of the building. I can't state whether I left it on the desk of Boernstein, or gave it to him personally."

Another witness testified that Boernstein's office was in the third story of the building.

Defendant Boernstein then called as a witness the defendant Helgenberg, and offered to prove by him that the note in question was obtained by Reichard by fraud, and without consideration; that plaintiff never paid any consideration for it, and that the plaintiff was a party to Reichard's fraud; and that plaintiff knew, at the time he obtained the note, that Boernstein's endorsement on the same was obtained by fraud and misrepresentation on the part of Reichard; and that he (plaintiff) took said note without consideration, and in collusion with said Reichard, for the purpose of defrauding said Boernstein.

The plaintiff objected to Helgenberg's being sworn as a witness, on the ground that he was a co-defendant, and his evidence would establish no separate defence for Boernstein. The court sustained the objection and excluded the testimony, to which the defendant excepted.

The court gave the following instruction for the plaintiff:

" In assessing the damages against John Helgenberg, and if the jury find for plaintiff against Henry Boernstein, they will assess damages on the sum specified in the said note at the rate of four per cent., which add to the principal, and then interest at the rate of ten per cent. per annum on the said sum from the maturity of the note to this time."

The court refused to give these three instructions moved by the defendant:

1. If the jury find from the evidence that the notice of protest and nonpayment of the note in question was left by the notary on a desk in the second story of the building occupied by defendant Boernstein, and that the business office of said defendant was in the third story of said building, then the jury ought to find a verdict for said defendant Boernstein, unless they further find from the evidence that defendant actually received said notice.

2. Unless the jury find from the evidence that notice of the nonpayment of the note in question was delivered to defendant Boernstein personally, or to some person in his employ, at his usual place of business, within a reasonable time after the same note became due, then they will find for the said defendant Boernstein.

3. The plaintiff is not entitled to recover any damages on the note in question, unless the jury find from the evidence that he purchased the same, or acquired some interest therein for a valuable consideration, and the burden of proof to establish that fact is upon the plaintiff.

The first instruction asked by the defendant should have been given.

A notice is presumed to have been received by the party to whom it is directed when it is left at his usual place of business, but places of business within one house may be as distinct and separate as if they were in separate houses; and to leave a notice in one story of a house, when the party's place of business is in another only, is no proper service of the notice.

The witness Helgenberg should have been sworn, and then the admissibility of the testimony it was proposed he should give would properly come up for consideration.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.