NELSON J. ALEXANDER, Respondent, *v.* WILLIAM J. SHORT-
RIDGE, Appellant.

*Witness—Party.*—A defendant in the record is not disqualified as a witness
for his co-defendant by that fact alone; he is competent to testify as to some
matters. When the witness is sworn, objections may be taken to so much
of the testimony as may be inadmissible. (Kleinman v. Boernstein, 32 Mo.
311, affirmed.)

*Merryman* and *Doniphan*, for appellant.

*Vories*, *Burns*, and *McCurdy*, for respondent.

BATES, Judge, delivered the opinion of the court.

This suit was brought by Alexander against Trundle and
Shortridge. Trundle did not answer. Shortridge answered.
There was no interlocutory judgment rendered against Trun-
dle. The record shows the appearance of " the parties," the
empannelling of a jury " to try the issue joined," the verdict
of the jury "for the plaintiff" and judgment thereon against
" said defendant."

In the course of the trial Shortridge offered his co-defend-
ant, Trundle, as a witness. The plaintiff objected to him
because he was a party defendant on the record. The ob-
jection was sustained by the court, and Trundle was excluded
from giving any testimony in the cause.

The decision of the court was wrong. The witness should
have been sworn, and then the admissibility of the testimony
it was proposed that he should give would properly come up
for consideration. (Kleinman v. Boernstein, 32 Mo. 311.)

He was competent to testify to some things, and we must
presume that he was called to give lawful testimony.

What the evidence may be at a new trial we cannot know,
and therefore think it unnecessary to say anything about the
instructions given at the first trial.

Judgment reversed and case remanded. Judges Bay and
Dryden concur.